IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DEREK L. SIMMS,

    Plaintiff,

v.

MARLA D. STEWART, et al.,

    Defendants.

CIVIL NO.: WDQ-12-0793

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Derek L. Simms, *pro se*, sued Bradford House Apartments and its property manager, Marla D. Stewart (collectively, the "Defendants"), for violations of his "marriage, disabilities and religious rights." Compl. 2. For the following reasons, the Court will grant the Defendants' motion to dismiss.[1]

---

[1] Although the Defendants captioned it as a motion to dismiss or, in the alternative, for summary judgment, the motion will be treated as a motion to dismiss because the Court will consider only the pleadings and matters of public record. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (in reviewing motions to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (in determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

I. Background[2]

Simms's wife lives at the Bradford House Apartments. Compl. 2, Ex. 1 at 2. Simms has often visited but is barred from living there because of his criminal record. Id.

Around 2 a.m. on February 14, 2011, the apartment doorman told Simms to leave because no guests were permitted after 2 a.m. Compl., Ex. 1 at 2. On the same day, Stewart banned Simms from the apartment complex and threatened to have him arrested if he was found on the property. Compl., Ex. 2 at 2. The Defendants posted his photo at the apartment complex, and Simms has been threatened and had rocks thrown at him. Compl., Ex. 1 at 3.

On September 9, 2011, Simms sued Stewart and the apartment complex's management company in the District Court of Maryland for Dorchester County, alleging, inter alia, that they had "depriv[ed] [him] of his constitutional," "marriage," and "equal housing and opportunity rights" by not allowing him to "see, talk, visit, care, [and] love . . . [his] wife." Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 1-2. On November 23, 2011, the court entered judgment for the defendants. Mem. in Supp. of Mot. to Dismiss, Ex. 2.

On March 13, 2012, Simms filed this lawsuit, alleging that

---

[2] For the Defendants' motion to dismiss, the well-pled allegations in Simms's complaint are accepted as true. See Brockington v. Boykins, 637 F.3d 503, 505-06 (4th Cir. 2011).

the Defendants had violated his "marriage, disabilities, or religious rights" by not allowing him to visit his wife. Compl. 2. In the complaint, Simms checked a box asserting that the Court has jurisdiction on the basis of "[f]ederal question" because the suit is "based upon a federal statute or provision of the United States Constitution." Compl. 1.

On May 1, 2012, the Defendants moved to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 6. On May 17, 2012, Simms opposed the motion. ECF No. 9. On May 18, 2012, the Defendants filed a reply. ECF No. 10.

II. Analysis

The Defendants argue that the Court lacks subject matter jurisdiction, Simms has failed to state a claim, and any claim is barred by res judicata or collateral estoppel.

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

1. Standard of Review

The plaintiff bears the burden of proving subject matter jurisdiction. *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When, as here, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction challenges the sufficiency of the allegations in the complaint—and not their truth—the allegations are assumed to be true, and "the plaintiff, in effect is afforded the same procedural protections as he would receive" on a motion to

dismiss "under . . . Rule 12(b)(6)." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

2. The Defendants' Motion

Simms asserts that the Court has federal question jurisdiction,[3] but the Defendants argue that he "does not allege a violation of any specific federal or constitutional law in his [c]omplaint." Mem. in Supp. of Mot. to Dismiss 6.

To determine whether there is federal question jurisdiction, courts apply the "well-pleaded complaint rule" and "look no farther than the plaintiff's complaint" to ascertain whether the "lawsuit raises issues of federal law." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). A complaint "raises issues of federal law" when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

"Jurisdiction is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover."[4]  "Whether the complaint

---

[3] *See* Compl. 1.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] *Hagans v. Lavine*, 415 U.S. 528, 542 (1974) (internal citation and quotation marks omitted).  *See also Turner/Ozanne v.*

states a cause of action on which relief could be granted is a question of law and . . . must be decided after and not before the court has assumed jurisdiction over the controversy." *Hagans*, 415 U.S. at 542 (internal citation and quotation marks omitted).

Construing Simms's complaint liberally,[5] the lawsuit raises issues of federal law. *See Custer*, 89 F.3d at 1165. Simms has alleged that the Defendants violated his "marriage, disabilities, or religious rights" under a federal statute and/or the Constitution by not allowing him to visit his wife. Compl. 1-2. Although Simms has not specified the statutes or constitutional provisions on which he relies, the Fourteenth Amendment protects personal decisions about marriage and family relationships[6]; the Americans with Disabilities Act of 1990,[7] the Rehabilitation Act

---

*Hyman/Power*, 11 F.3d 1312, 1317 (7th Cir. 1997) ("only the most extreme cases will fail the jurisdictional test of substantiality") (internal citation and quotation marks omitted).

[5] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotation marks omitted).

[6] *See, e.g., Lawrence v. Texas*, 539 U.S. 558, 573-74 (2003).

[7] 42 U.S.C. §§ 12101, *et seq.*

of 1973,[8] and the Fair Housing Act[9] provide certain protections to disabled individuals; the First Amendment protects the free exercise of religion; and the Fifth and Fourteenth Amendments guarantee equal protection under the laws.[10]  Because his lawsuit raises issues of federal law, the Court has federal question jurisdiction.  Whether Simms has adequately stated a claim under these provisions is a separate question.

   B. Motion to Dismiss for Failure to State a Claim

      1. Standard of Review

   Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

   The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

   Although Rule 8's notice pleading requirements are "not

---

[8] 29 U.S.C. §§ 701, *et seq.*

[9] 42 U.S.C. §§ 3601, *et seq.*

[10] *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217, 224 (1995).

onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as

true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. The Defendants' Motion

The Defendants argue that Simms's "[g]eneralized legal conclusion" that they have violated his "marriage, disabilities, and religious rights" is "wholly insufficient to state a claim." Mem. in Supp. of Mot. to Dismiss 8. Simms counters that "it [is] clear [that] a husband and wife have rights under the law," and the Defendants have violated those rights. Resp. in Opp'n 1.

Simms has provided no details about his disability or religious beliefs, nor has he alleged facts showing that the Defendants banned him from the apartment complex because of his religion or disability. He also has failed to allege any government action, which is necessary to plead a violation of his marital and religious rights under the Constitution.[11] Because Simms's allegations are insufficient to state a claim, see *Veney*, 293 F.3d at 730, the Court will grant the Defendants'

---

[11] See *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government.").

motion.[12]

III. Conclusion

For the reasons stated above, the Court will grant the Defendants' motion to dismiss.

_____5/30/12_____                          _____/s/_____
Date                                          William D. Quarles, Jr.
                                              United States District Judge

---

[12] Because Simms has failed to state a claim, the Court need not address the Defendants' argument about res judicata and collateral estoppel. See Mem. in Supp. of Mot. to Dismiss 6-8.